UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY; TRAVELERS CASUALTY AND SURETY COMPANY; and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>                    Plaintiffs,<br><br>          v.<br><br>LONGVIEW FIBRE PAPER & PACKAGING, INC., a Washington corporation,<br>                    Defendant. | CASE NO. C07-1009BHS<br><br>ORDER GRANTING LONGVIEW FIBRE PAPER & PACKAGING, INC.'S MOTIONS TO CONSOLIDATE ACTIONS |

This matter comes before the Court on Longview Fibre Paper & Packaging, Inc.'s Motions to Consolidate Actions (C06-5666BHS, Dkt. 27; C07-1009, Dkt. 51). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The facts in these matters, according to the complaints, are as follows:

**A.    RELATIONSHIP OF THE PARTIES**

Longview Fibre Paper & Packaging ("Longview") contracted with Aetna Casualty & Surety Company ("Aetna") in the 1960s and 1970s for insurance. During certain years,

ORDER - 1

Longview purchased comprehensive general liability, automobile, workers' compensation, and excess coverage. According to Longview, Travelers Indemnity Company ("Travelers Indemnity"), Travelers Casualty and Surety Company ("Travelers Casualty"), and St. Paul Travelers Companies, Inc. ("St. Paul Travelers") have assumed liability for all insurance policies issued by Aetna. According to Longview, Travelers Indemnity, Travelers Casualty, and St. Paul Travelers ("certain Travelers entities") have declined to recognize the existence of certain policies and to satisfy their obligations under such policies. Travelers Indemnity, Travelers Casualty, and Travelers Property Casualty Company of America ("Travelers Property") allege that Longview has failed to pay retrospective premiums due and owing on certain policies and that their obligations under such policies have been satisfied.

**B.     ASBESTOS LITIGATION**

During the policy periods of the Aetna policies, Longview housed and manufactured asbestos-containing products. As a result, Longview has been a defendant in more than 650 lawsuits. According to Longview, certain Travelers entities engaged or approved counsel to defend Longview in these lawsuits but did not timely or fully reimburse Longview's defense costs.

In particular, Longview was a defendant in *Shellenbarger v. Longview Fibre Company, et. al.*, No. 03-2-016760-6SEA (King Cnty. Super. Ct. Wash.), and incurred more than $1,000,000 in attorneys' fees defending the case. Certain Travelers entities, defendants to Longview's complaint, allegedly denied coverage under the comprehensive general liability coverage policies, accepted coverage under Employers Liability Policy No. CH 722932, and reimbursed Longview for a portion of Longview's defense costs.

**C.     PRESENT LITIGATION**

On October 24, 2006, Travelers Indemnity, Travelers Casualty, and Travelers Property filed suit in United States District Court for the District of Connecticut for (1) breach of contract and (2) anticipatory breach of contract and seeking a declaratory judgment as to Longview's liability to pay the Retrospective Premium for (3) asbestos comprehensive general liability

ORDER - 2

claims and (4) for the *Shellenbarger* claim and as to (5) the plaintiffs' obligation to pay certain attorneys fees. *Travelers Indemnity Co. v. Longview Fibre Co.*, C07-1009BHS ("the Travelers case") Dkt. 43-4.

On November 15, 2006, while the Travelers case was pending, Longview filed suit in United States District Court for the Western District of Washington seeking (1) declaratory relief as to certain Travelers entities' duty to defend, (2) declaratory relief as to such entities' duty to pay, (3) declaratory relief as to missing policies for October 1963 through October 1976, and (4) attorneys' fees associated with the action. *Longview Fibre & Paper Packaging, Inc. v. The Travelers Indemnity Co.*, C06-5666 ("the Longview case"), Dkt. 1 at 9-12, 14. Longview alleges (1) breach of contract, (2) breach of fiduciary duties, and (3) violation of the Washington Consumer Protection Act. *Id.* at 12-13.

On January 19, 2007, Travelers Indemnity and Travelers Casualty moved for an order staying the Longview case pending resolution of the application of the "first to file" rule in the Travelers case pending in Connecticut. C06-5666, Dkt. 8. On the same day, St. Paul Travelers moved to dismiss for lack of jurisdiction over St. Paul Travelers. C06-5666, Dkt. 9. On February 22, 2007, the Court granted the Motion for Stay. C06-5666, Dkt. 20. On May 24, 2007, the Court terminated the Motion to Dismiss in anticipation of settlement papers.

On May 24, 2007, the Honorable Stefan R. Underhill, United States District Judge for the District of Connecticut, granted the motion to transfer the Travelers case to this district. *See* C07-1009BHS, Dkt. 45-21. The Court then lifted the stay in the Longview case. C06-5666BHS, Dkt. 25. The Court did not reinstate the Motion to Dismiss, however.

On July 7, 2007, this matter was reassigned to the undersigned.

Longview now moves to consolidate *Travelers Indemnity Co. v. Longview Fibre Co.*, C07-1009BHS, with *Longview Fibre & Paper Packaging, Inc. v. The Travelers Indemnity Co.*, C06-5666. C06-5666, Dkt. 27; C07-1009BHS, Dkt. 51.

ORDER - 3

## II. DISCUSSION

Consolidation of cases is governed by Federal Rule of Civil Procedure 42(a), which provides as follows:

> Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). This rule affords courts "broad discretion" to consolidate cases pending in the same district, either upon motion by a party or sua sponte. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).

There are important differences between the cases that weigh against consolidation. First, there are different parties. Travelers Property is not a party to Longview's case but is a plaintiff in the Travelers case. Similarly, St. Paul Travelers is a defendant in Longview's case but is not a party to the Travelers case. Second, the policy periods and premiums referenced in the two complaints differ slightly. Third, a jury demand has been made in only one of the cases.

On the other hand, there are similarities between the two cases that weigh in favor of consolidation. First, Travelers Indemnity, Travelers Casualty, and Longview are parties to both actions. Also, the parties are largely represented by the same counsel in both matters. Second, both actions concern the attorneys' fees incurred in defending the *Shellenbarger* case. Third, both actions allege breach of contract stemming from the parties' performance under certain insurance policies. Fourth, both actions seek declaratory judgment as to the meaning of certain insurance policies and as to certain Travelers entities' obligations to pay attorneys' fees incurred during the defense of asbestos cases against Longview. In addition, the posture of the two cases is similar. The parties have not filed joint status reports in either case, and it appears that no discovery has been conducted. *See* Fed. R. Civ. P. 26(d) ("a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"). Finally, and perhaps most importantly, the parties to both actions agree that consolidation is proper. *See* C07-1009, Dkt. 53; C06-5666, Dkt. 33.

ORDER - 4

When viewed as a whole, the two cases are largely opposites of one another. The Court finds that litigating these cases as a consolidated action will avoid unnecessary litigation costs and preserve judicial economy, allow for the efficient resolution of the controversy among the parties, and ensure that inconsistent verdicts do not arise in the two cases. If it appears that consolidation is not the most efficient or fair way of managing the cases or that separate trials may be necessary, the Court will revisit the issue of consolidation.

Having decided that consolidation is proper, the Court now turns to the crux of the parties' dispute: the manner in which the actions should be consolidated. *See* C07-1009BHS Dkt. 53 at 3 ("All parties agree that the Travelers Action and the Longview Action should be consolidated. The parties disagree, however, concerning the mechanics of consolidation."). Longview asks that the Travelers case be consolidated with the Longview case, that the consolidated action bear the caption of the Longview case, and that the allegations of the complaint in the Travelers case be refiled as counterclaims. Dkt. 27 at 5.

The Court first addresses the threshold question of whether the cases should be merged. The parties appear to contemplate not only consolidation, but also merger, of the two cases, with the merged case proceeding under one complaint. The legal term "consolidation" is employed in three different contexts: "(1) when several actions are stayed while one is tried, and the judgment in the case tried will be conclusive as to the others; (2) when several actions are combined and lose their separate identities, becoming a single action with a single judgment entered; and (3) when several actions are tried together, but each suit retains its separate character, with separate judgments entered." *Schnabel v. Lui*, 302 F.3d 1023, 1035 (9th Cir. 2002) (citing 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2382 (2d ed. 1995)). The traditional rule, in place before Federal Rule of Civil Procedure 42(a) was adopted, provided that "consolidation . . . does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933). While the language of Federal Rule of Procedure 42(a) apparently permits consolidation either to merge the cases or to retain the separate character of

ORDER - 5

the cases, the majority of courts subscribe to the traditional rule. *Schnabel*, 302 F.3d at 1035; *see also Geddes v. United Financial Group*, 559 F.2d 557, 561 (9th Cir. 1977 (citing *Johnson*, 289 U.S. at 496-97); *but see Huene v. U.S.*, 743 F.2d 703, 705 (9th Cir. 1984) (treating consolidated cases as one for purposes of permitting appeal). In this case, the complaints of the two actions are very similar, and the parties appear to favor merger. Deviation from the traditional rule is therefore proper, and the Travelers and Longview cases should be consolidated and merged.

The second issue presented by the parties is which complaint should govern the consolidated action and whether any additional filings should be required. While Travelers's complaint was filed first and contains allegations about retrospective premiums, Longview should be in the position of plaintiff to facilitate an orderly and logical presentation of evidence to the jury. Accordingly, the Travelers case should be consolidated and merged with the Longview case, with the consolidated action bearing the caption of the Longview case.

As a result of this consolidation, Travelers Property will not be a party. The parties should therefore be afforded an opportunity to amend their pleadings to reflect the consolidation and, if they so desire, to make Travelers Property a party to the consolidated action. Such amended pleadings must comply with the Federal Rules of Civil Procedure governing counterclaims, third- party complaints, and other matters.

Finally, Longview's counsel has informed the Court that settlement papers regarding St. Paul Travelers will not be forthcoming. The Court notes that the Motion to Dismiss Defendant St. Paul Travelers Companies, Inc. (C06-5666BHS, Dkt. 9) may be rendered moot by the parties' amended pleadings and therefore will not be ruled upon until the parties have had an opportunity to amend their pleadings.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Longview Fibre Paper & Packaging, Inc.'s Motions to Consolidate Actions (C06-5666BHS, Dkt. 27; C07-1009, Dkt. 51) are **GRANTED** as follows: the above-captioned cases, *Travelers Indemnity Co. v. Longview Fibre Co.*, C07-1009BHS, and *Longview*

*Fibre Paper & Packaging, Inc. v. The Travelers Indemnity Co.*, C06-5666BHS, are hereby **CONSOLIDATED** and **MERGED**. All future pleadings and orders regarding these cases will be filed in *Longview Fibre Paper & Packaging, Inc. v. The Travelers Indemnity Co.*, C06-5666BHS, and will bear the caption of that case. It is further

**ORDERED** that on or before November 2, 2007, Longview shall amend its complaint to reflect the consolidation of the cases. It is further

**ORDERED** that on or before November 30, 2007, Defendants in the consolidated action shall amend their answer to reflect the consolidation of the cases. Additional pleadings, if any, are due in accordance with the Local Rules of this District and with the Federal Rules of Civil Procedure. It is further

**ORDERED** that the Motion to Dismiss Defendant St. Paul Travelers Companies, Inc. (C06-5666BHS, Dkt. 9) is **RENOTED** for consideration on December 7, 2007.

DATED this 5th day of October, 2007.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 7